UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

_____ DIVISION

| | | |
|---|---|---|
| SHARON ANN CATALON, | ) | Civil Action No. |
| Plaintiff, | ) | |
| vs. | ) | |
| GULF COAST BANCSHARES, INC. | ) | Jury Trial Requested |
| d/b/a GULF COAST BANK | ) | |
| Defendant | ) | |

## COMPLAINT

1.

NOW INTO COURT, through undersigned counsel, come SHARON ANN CATALON, who respectfully submits a complaint pursuant to the FMLA and does allege as follows,

### JURISDICTION AND VENUE

2.

This is an action for monetary relief for violation of the Family and Medical Leave Act, codified at 29 U.S.C Section 2601 *et. Seq.* Jurisdiction is based on 29 U.S.C. Section 2617(a)(2) and 28 U.S.C. Section 1331.

3.

Venue is proper in this district pursuant to 28 U.S. Code § 1391. The defendant can be found, resides, and conducts business in this district. Furthermore, all of the events or omissions giving rise to the claim occurred in this district.

### THE PARTIES AND RELATED ENTITIES

4.

Gulf Coast Bancshares, Inc. d/b/a Gulf Coast Bank ("GCB" or "Defendant") is a commercial bank conducting business within this district whose principal place of business is 220 S. State St., Abbeville, La 70510.

5.

At all times referred to in this Complaint, the Defendant was engaged in industry or activity affecting commerce.

6.

The Defendant was the Plaintiff's "employer" within the meaning of 29 U.S.C. Section 2611(4).

7.

SHARON ANN CATALON ("Catalon" or "Plaintiff") is an individual and resident of the state of Louisiana. She was an employee of Gulf Coast Bank employed as a branch manager/supervisor at all times pertinent hereto.

## FACTUAL ALLEGATIONS

8.

Ms. Catalon was hired by GCB on November 11, 2013. In her four and a half years of employment with GCB, Ms. Catalon performed her work to the best of her abilities and received positive performance reviews.

9.

In November of 2017, Catalon learned that her husband was suffering from COPD. In March of 2018, she informed GCB of her intent to take time off pursuant to the FMLA in order to care for her husband, whose medical condition required constant care. She advised GCB of

the anticipated dates of her requested 30-day FMLA leave, during which period she offered to be available to assist other employees via phone.

10.

That same day, Catalon received an email stating that her supervisors would "need to speak with [Catalon]." The next day at work, Chris Juneau came into Catalon's office and told her that she was "being replaced." In disbelief, Catalon asked if that meant she "didn't have a job." Ms. Juneau responded that she "must be replaced because she is a branch manager/supervisor." However, at that time, there was at least one other branch operating without a manager/supervisor. Furthermore, Catalon had personal knowledge of at least three other manger/supervisors that had taken extended FMLA leave and were able to return to their branch and position without incident.

11.

After the above exchange, GCB surreptitiously relocated a supervisor from another branch to replace Catalon. This replacement itself left a branch without a manager/supervisor. Furthermore, upon information and belief, Catalon's replacement was pregnant and intended on taking FMLA leave herself in the near future.

## COUNT 1: FMLA RETALIATION

**Family and Medical Leave Act 29 U.S.C. Section 2601, et seq.**

12.

Defendant intentionally and willfully violated the FMLA and federal law by discouraging Plaintiff from exercising her rights under the FMLA and then permanently replacing her in retaliation for taking reasonable leave.

13.

Upon information and belief, Plaintiff's position was given to an employee from another branch in retaliation for Plaintiff's request for FMLA leave.

14.

The FMLA allows an employee to take up to 12 weeks of unpaid, job-protected leave per year to care for a seriously ill family member. The Plaintiff satisfies the eligibility requirements for FMLA as she had worked full-time for the Defendant for more than one year and the Defendant employs more than 50 employees in a 75-mile radius.

15.

Accordingly, the actions and conduct of the Defendant set forth herein constitute intentional interference, restraint, and denial of Plaintiff's rights under the FMLA and for retaliation for Plaintiff's request for such rights in violation of 29 U.S.C. 2615 in the following non-exclusive particulars:

    a. Discouraging Plaintiff from exercising requested FMLA leave; and

    b. Retaliating against the Plaintiff for requesting FMLA leave.

WHEREFORE, the Plaintiff, SHARON ANN CATALON, prays that:

1. she be awarded damages, including, but not limited to, liquidated damages, against Defendant for its violation of the FMLA;
2. she be awarded all costs and expenses incurred, including reasonable attorney's fees; and
3. any and all relief that this Court deems just and equitable.
Trial by jury is hereby requested.

Respectfully Submitted,

Dylan T. Heard, 36491
1224 N. Parkerson Ave.
PO Box 450
Crowley, Louisiana 70527-0450
Ph: 337-783-7777
Fax: 337-783-9079
Attorney for Sharon Catalon